UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>      Plaintiff,<br><br>v.<br><br>RAB COMMUNICATIONS, INC.,<br><br>      Defendant/Third-Party Plaintiff,<br><br>v.<br><br>FAST PACE CONNECTIONS, LLC,<br><br>      Third-Party Defendant,<br><br>and<br><br>CORY L. JOHN, individually,<br><br>      Third-Party Defendant. | CASE NO. 2:18-CV-01513<br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE ELIZABETH DEAVERS<br><br><br>**DEFENDANT RAB COMMUNICATIONS, INC.'S ANSWER AND THIRD-PARTY COMPLAINT**<br><br>**Jury Demand Endorsed Herein** |

## INTRODUCTION

RAB admits that Plaintiff purports to bring this action under Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*)(the "FLSA"), but denies that it violated and federal, state or local law or regulation.

## ANSWER

For its Answer to the Complaint filed by Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, RAB Communications, Inc. ("RAB"), by and through the undersigned counsel, admits, denies, and states as follows:

1. RAB admits that this Court has jurisdiction based on the allegations in the Complaint, but denies that it violated any federal, state or local laws or regulations.

2. RAB admits that it is incorporated under the laws of the state of Maryland and that is has been licensed to conduct business in the state of Ohio as a foreign for-profit corporation since at least July 5, 2012. RAB further admits that it offers a range of services for the telephone, video and high speed internet industries, including installation of cable. RAB admits that it had an office in Worthington, Ohio from September 1, 2014 through October 10, 2018. RAB denies the remaining allegations in Paragraph 2 of the Complaint.

3. RAB denies the allegations in Paragraph 3 of the Complaint.

4. RAB admits that the Court has subject matter jurisdiction over Plaintiff's purported FLSA claims.

5. RAB denies the allegations in Paragraph 5 of the Complaint.

6. RAB denies the allegations in Paragraph 6 of the Complaint.

7. RAB denies the allegations in Paragraph 7 of the Complaint.

8. RAB denies the allegations in Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

RAB asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

1. RAB denies each and every allegation in the Complaint that is not expressly admitted herein to be true, including the allegations in the prayer for relief.

2. Some, or all, of Plaintiff's claims fail to state a claim upon which relief may be granted.

3. RAB entered into an Independent Contractor Agreement (the "Agreement") with Third-Party Defendants Fast Pace Connections, LLC ("Fast Pace") and/or Cory L. John to provide cable installation and repair services to Time Warner Cable Midwest LLC d/b/a Time Warner Cable. A copy of the Independent Contractor Agreement is attached and incorporated herein as

Exhibit 1. According to the express terms of the Agreement, installers working for Third-Party Defendants were employees of Third-Party Defendants only. Third-Party Defendants were and continue to be responsible for complying with all state and federal laws, including applicable minimum wage, overtime, and record-keeping laws relative to such employees. Because there is no lawful basis to impute liability to RAB for the claims alleged in the Complaint, Plaintiff's claims fail as a matter of law.

4. The installers listed in Exhibit A of the Complaint were employees of Third-Party Defendants and were not RAB employees under applicable state and federal law.

5. Plaintiff's claims are barred, in whole or in part, to the extent that the work performed by the installers listed in Exhibit A to the Complaint falls within the exemption set forth in 29 U.S.C. § 207(i). Specifically, the 7(i) exemption applies to Plaintiff's claims in this case because RAB is a "retail or service establishment" in that the customers RAB services sell a service to the general public of installing and maintaining cable and related services. After a customer signs up for service, individuals providing technician-related services install the receiving equipment in the subscriber's home or business. The services are provided directly to the end consumer, who has contracted with RAB's client for monthly services, and such services are not for resale. Moreover, the installation of cable equipment is recognized as retail in the industry.

6. Upon information and belief, installers providing services under the Agreement were compensated under a job-rate system pursuant to 29 C.F.R. § 778.112, in that they received no other compensation for their work other than job-rate pay. Thus, their regular rate of pay is calculated by totaling the sums that each received at the day rate or job rate in the workweek and dividing it by the total hours actually worked. Accordingly, they received an extra half-time pay at this rate for all hours worked in excess of 40 in a workweek.

7. Installer-employer claims are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Specifically, RAB made good faith efforts to ensure that it was not the employer for the installers, including, but not limited to: (a) RAB and Fast Pace are separate and independent companies that have business units and customers wholly apart from one another, (b) RAB did not have the authority to hire or fire the installers engaged by, or on behalf of, Third-Party Defendants, (c) RAB did not maintain employment records regarding the installers while they were engaged as independent contractors working for subcontractor Fast Pace, (d) RAB did not determine how much was paid to the installers engaged to provide technician-related services by, or on behalf of, one another, (e) RAB did not supervise or control the work performed by the installers while the installers were engaged as workers for independent contractors Fast Pace or any other subcontractor, (f) RAB did not discipline the installers while the installers were engaged as workers for independent contractor Fast Pace or any other subcontractor, (g) RAB was not involved in granting leaves or days off to installers engaged by, or on behalf of, Third-Party Defendants, and (h) installers engaged by, or on behalf of, Third-Party Defendants utilized tools and vehicles provided by others to perform the work.

8. Installers are estopped from recovery on the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct.

9. Installers have failed to mitigate, or reasonably attempt to mitigate, their alleged damages, if any, as required by law.

10. Installers have waived their right, if any, to recover under the claims in the Complaint, and each purported cause of action therein, by reason of the installers own acts, omissions, and course of conduct.

11. Installers are barred from recovery under some, or all, of the claims or remedies by the doctrine of unclean hands.

12. The Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

13. Installers are precluded from recovering any amounts from RAB because RAB has paid all sums legally due pursuant to the Independent Contractor Agreement between Fast Pace (and/or Mr. John) and RAB.

14. With respect to some or all FLSA claims brought by Plaintiff, RAB affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith, with reasonable grounds for believing RAB was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

15. RAB denies that any of the installers were RAB employees under the FLSA, and therefore no liability attaches to RAB under the FLSA. However, in the alternative, should the Court determine that the installers were RAB employees, then the Complaint, and each purported FLSA cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the installers were engaged in activities that were not compensable work under the FLSA and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary or subsequent to their principal activities.

16. RAB denies that any of the installers were RAB employees under the FLSA, and therefore no liability attaches to RAB under the FLSA. However, in the alternative, should the Court determine that the installers were RAB employees, then some, or all, of the disputed time

5

for installers involves wages purportedly owed for time that is not compensable under the *de minimis* doctrine.

17. RAB denies that any of the installers were RAB employees under the FLSA, and therefore no liability attaches to RAB under the FLSA. However, in the alternative, should the Court determine that the installers were RAB employees, installers may not recover liquidated damages because (i) RAB (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) RAB (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to the installers; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

18. To the extent that the installers are entitled to damages, RAB is entitled to a credit for, or set off against, amounts overpaid to them, as well as a credit for overtime and other premium payments already made to them via payments made to Fast Pace.

19. Plaintiff's FLSA claims are barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because RAB relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

20. The claims set forth in the Complaint are barred, in whole, or in part, by the doctrine of payment, because RAB properly compensated Fast Pace for the work performed by the installers in accordance with the FLSA.

21. Plaintiff may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action under 29 U.S.C. §216(b).

22. RAB denies that any of the installers were RAB employees under the FLSA, and therefore no liability attaches to RAB under the FLSA. However, in the alternative, should the

Court determine that the installers are not entitled to compensation for hours they purportedly worked without RAB's actual or constructive knowledge.

23. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendant RAB's liability and/or damages, if any, to the installers via Plaintiff on a group or aggregated basis because, among other reasons, any alleged proof is not representative and trial by formula is prohibited.

24. RAB presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. RAB reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

Having fully answered Plaintiff's Complaint, RAB requests the Complaint be dismissed with prejudice and RAB be awarded its costs, attorneys' fees and such other relief as may be just and proper.

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff RAB Communications, Inc. ("RAB") files its Third-Party Complaint against Third-Party Defendants Fast Pace Connections, LLC ("Fast Pace") and Cory L. John, individually, (collectively "Third-Party Defendants") as follows:

**I.     PARTIES**

1. RAB is incorporated under the laws of the state of Maryland, maintains its principal place of business in the state of Massachusetts, and has been licensed conduct business in the state of Ohio as a foreign for-profit corporation since at least July 5, 2012.

2. Fast Pace is an Ohio limited liability company.

3. Fast Pace maintains its principal place of business at 811 Grace Street in Mansfield, Ohio.

4. Mr. John is the statutory agent for Fast Pace.

5. Mr. John is the sole member of Fast Pace.

6. Mr. John resides at 811 Grace Street in Mansfield, Ohio.

## II. JURISDICTION

7. Jurisdiction in this action is conferred upon the federal court by Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*) ("FLSA").

8. Jurisdiction over RAB's third-party complaint is conferred under Fed.R.Civ.P. 14, since Third-Party Defendants, individually and collectively, are the real parties in interest for any unlawful conduct alleged by Plaintiff in its original Complaint. If RAB is found liable to Plaintiff, Defendants are liable to RAB for contribution and indemnification. Therefore, Defendants' liability to RAB is dependent on the outcome of Plaintiff's original Complaint.[1]

9. In the alternative, pursuant to 28 U.S.C. §1367(a), this Court has jurisdiction over RAB's third-party complaint through the exercise of the Court's supplemental jurisdiction. RAB's claims are so related to the claims brought by Plaintiff U.S. Department of Labor, over which this Court has original jurisdiction, that RAB's claims form part of the same case or controversy under Article III of the United States Constitution.

## III. FACTUAL ALLEGATIONS

10. RAB contracts with cable television, telephone, and internet providers to facilitate installation services. RAB then contracts with local installation companies, who employ installers to provide installation services to end users.

---

[1] The Agreement between RAB and Third-Party Defendants contains a forum-selection clause naming Massachusetts, RAB's principal place of business, as the forum for all disputes. However, because the parties, technicians, witnesses, and evidence are located in Ohio, RAB waives its right to enforce the forum-selection clause and submits all claims to the jurisdiction of this Court.

11. On June 1, 2014, RAB entered into a contract with Time Warner Cable Midwest LLC d/b/a Time Warner Cable ("Time Warner Cable"),[2] a national cable television, internet, and telephone provider.

12. In order to fulfill Time Warner Cable's contract demands in the Worthington, Ohio area, RAB advertised for subcontractor companies who employed installers able to meet Time Warner Cable's specifications.

13. Third-Party Defendants responded to the advertisement. In order to entice RAB to enter into an agreement with Fast Pace, Third-Party Defendants represented to RAB that they employed competent, reliable installers who could perform cable installation according to Time Warner Cable's requirements. Third-Party Defendants also represented that they would abide by all state and federal laws.

14. Relying on these representations, on January 28, 2015, RAB entered into the Agreement with Third-Party Defendants, which is attached and incorporated herein as Exhibit 1.

15. As such, RAB and Third-Party Defendants are parties to the Agreement.

16. In the Agreement, Defendants acknowledged and agreed:

> **SECTION I:** *RELATIONSHIP OF THE PARTIES*
>
> It is understood that this contract does not create an employer-employee relationship between THE COMPANY [RAB] and SUBCONTRACTOR [Fast Pace]. SUBCONTRACTOR is an independent contractor and shall be **independently responsible for payment of employee benefits, all federal, state and local taxes including income and withholding for its employees, workers compensation, all liability insurance, state disability insurance, Social Security, unemployment compensation, sales, property and gross receipts taxes and all other taxes and levies imposed upon employers or self-employed persons for the work performed** and

---

[2] On May 18, 2016, Charter Communications acquired Time Warner Cable. Charter Communications eventually phased out the Time Warner Cable brand in favor of its own Spectrum brand. However, the contracts at issue in this case were executed by Time Warner Cable, and their obligations continued after the acquisition.

>shall **indemnify, defend, and hold harmless** THE COMPANY and Client with respect to same.

(Emphasis added.)

17. Pursuant to the Agreement, RAB required Third-Party Defendants to obtain liability insurance and to show proof of coverage.

18. Pursuant to the Agreement:

   a. Third-Party Defendants "shall have sole control of the means, methods, and timing of performing each installation project, including the selection of persons to perform the work involved on each work order or construction print…THE COMPANY is concerned only with the final results contracted for." (Exhibit 1, Section M(a));

   b. Third-Party Defendants selected the jobs they wanted to install (Exhibit 1, Section M(c));

   c. Third-Party Defendants are "solely responsible for providing all tools necessary to perform THE WORK." (Exhibit 1, Section VI(C)(b)); and

   d. Third-Party Defendants "shall furnish any vehicles that are necessary to perform THE WORK described in this agreement." (Exhibit 1, Section IV(D)).

19. Each week, RAB issued a single payment check in the name of Fast Pace for the work performed by installers working for Third-Party Defendants.

20. Pursuant to the Agreement, Third-Party Defendants managed their work flow, employee expectations and performance, hiring, firing, and employee evaluations.

21. Pursuant to the Agreement, RAB paid Third-Party Defendants a "specific amount for each type of work performed as detailed in Exhibit 'A' of this agreement, entitled 'Subcontractor Payment Schedule.'" (Exhibit 1, Section X(A).)

10

22. RAB [referred to in the Agreement as THE COMPANY and Fast Pace as SUBCONTRACTOR] further agreed that "THE COMPANY does not guarantee a specific amount of work on any given day. THE COMPANY will pay SUBCONTRACTOR for each sale, installation and/or construction project [] according to the payment schedule in effect, as detailed."

23. On December 30, 2016, Third-Party Defendants submitted a letter to RAB giving "formal notice of separation from my position of Sub-Contractor with Rabcom [sic] Communications, effective February 1, 2017," which letter is attached and incorporated herein as Exhibit 2.

24. Within Exhibit 2, Mr. John stated: "I am grateful for the opportunity that you have given me to grow and become a successful business owner over the last two years. Although this was not an easy decision to make, I feel it is in the best interest of both of our companies." Therefore, Third-Party Defendants acknowledged being a separate business, growing independently from RAB.

25. Thereafter, Plaintiff investigated RAB's compliance with the FLSA relative to its employees in the Worthington, Ohio area. Plaintiff specifically found that RAB properly paid its employees.

26. Plaintiff also investigated whether individuals employed by Third-Party Defendants were paid for all hours worked, including overtime as applicable.

27. Plaintiff filed the Complaint alleging that the installers who worked for Third-Party Defendants were not paid according to the FLSA. Plaintiff named RAB as the only defendant in the Complaint.

28. The installers whom Third-Party Defendants utilized to fulfill its obligations to RAB under the Agreement were employees of Third-Party Defendants exclusively and that any alleged liability belongs solely to Third-Party Defendants.

29. RAB states that, if the installers listed in Plaintiff's Complaint have suffered damages, which RAB denies, and RAB is found to have any liability for such damages, which RAB further denies, then the alleged damages were caused either in whole or in part by the exclusive actions of Third-Party Defendants.

30. Pursuant to the Agreement, Third-Party Defendants are obligated to indemnify and hold RAB harmless for any loss or other damages that the installers, through Plaintiff, may recover in this action, including, but not limited to, RAB's attorney fees and costs.

31. Pursuant to the Agreement, RAB submitted the defense and indemnity to Third-Party Defendants. On January 7, 2019, Third-Party Defendants, through their attorney, refused to defend RAB or provide indemnity in the underlying action, which refusal is attached and incorporated herein as Exhibit 3.

## COUNT I – PIERCING THE CORPORATE VEIL

32. RAB incorporates paragraphs 1 through 31 as if fully re-written herein.

33. Upon information and belief, Mr. John is the sole member of Fast Pace and has controlled Fast Pace so completely that Fast Pace had no separate mind, will, or existence of its own. Instead, Mr. John placed himself interchangeably with Fast Pace as a limited liability company in its day-to-day operations. For example, in Exhibit 3, Mr. John refers to himself and Fast Pace interchangeably throughout his December 30, 2016 letter to RAB. In Exhibit 1, Mr. John failed to complete corporate requirements for signing as an authorized representative and therefore, signed certain sections of the Agreement in his individual capacity.

34. Mr. John exercised his control over Fast Pace in such a manner as to commit the unlawful act of hiring installer-employees and then failing to pay them minimum wage and/or overtime and failed to maintain employment records, unlawfully exposing RAB to a lawsuit and then failing to abide by the Agreement to provide a defense, indemnity, or hold RAB harmless.

35. As a direct and proximate result, RAB has incurred legal fees and costs to defend Plaintiff's Complaint, and RAB is now exposed to a potential judgment or settlement of the allegations created by Mr. John's control of Fast Pace and his violations of the law.

### COUNT II – BREACH OF CONTRACT
### Third-Party Defendants' Failure to Pay
### Their Installer-Employees

36. RAB incorporates paragraphs 1 through 35 as if fully re-written herein.

37. RAB and Third-Party Defendants entered into the Agreement, in which Third-Party Defendants agreed to comply with all applicable laws specifically relating to their installer-employees. (See Exhibit 1, Section I.)

38. If, as Plaintiff alleges, the installer-employees were not paid according to law, then Third-Party Defendants have breached the Agreement as described above and exposed RAB to liability, or at a minimum, caused RAB to incur costs and attorney fees to defend itself against the allegations in Plaintiff's Complaint.

39. As the actual party liable for any payments due to the installer-employees, Third-Party Defendants owe indemnity and/or contribution to RAB under the Agreement.

### COUNT III – BREACH OF CONTRACT
### Third-Party Defendants' Failure to Accept
### RAB's Defense and Indemnity

40. RAB incorporates paragraphs 1 through 39 as if fully re-written herein.

41. RAB and Third-Party Defendants entered into the Agreement, in which Third-Party Defendants agreed to defend, indemnify, and hold RAB harmless from all claims arising out of Third-Party Defendants' breach of the Agreement, including but not limited to their failure to pay their installer-employees according to law.

13

42. Third-Party Defendants have refused to defend, indemnify, or hold RAB harmless in the underlying action brought by Plaintiff, constituting a breach of the Agreement. (See Exhibit 3.)

43. As a direct and proximate result of this breach, RAB has incurred and will continue to incur attorney fees and costs to defend itself against allegations in Plaintiff's Complaint.

## COUNT IV – COMMON LAW INDEMNITY

44. RAB incorporates paragraphs 1 through 43 as if fully re-written herein.

45. In the alternative, RAB and Third-Party Defendants were separate employers, operating independently of one another. Third-Party Defendants were not joint employers of the installers named in Exhibit A to Plaintiff's Complaint. Instead, the installers were employees of Third-Party Defendants evidenced in many ways, including but not limited to:

   a. Third-Party Defendants were solely responsible to set installer work schedules;

   b. Third-Party Defendants had sole control of the means, methods, and timing of performing each installation project, including the selection of persons to perform the work involved on each work order or construction print;

   c. Third-Party Defendants selected the jobs they wanted to install;

   d. Third-Party Defendants were solely responsible for providing all tools necessary to perform; and

   e. Third-Party Defendants furnished any vehicles that were necessary to perform each work order.

46. In its Complaint, Plaintiff has charged RAB with wrongful acts committed by Third-Party Defendants.

47. If this Court or jury determines that RAB is liable for money damages to Plaintiff on behalf of the installers listed in Exhibit A to the Complaint, then RAB has a common-law right

of indemnity from Third-Party Defendants, who are in fact liable for any wrongful conduct alleged by Plaintiff. This Court must then order Third-Party Defendants to indemnify RAB for any money judgment against it and in favor of Plaintiff.

### **COUNT V – CONTRIBUTION**

48. RAB incorporates paragraphs 1 through 47 as if fully re-written herein.

49. In the alternative, RAB and Third-Party Defendants were separate employers, operating independently of one another. Third-Party Defendants were not joint employers of the installers named in Exhibit A to Plaintiff's Complaint. Instead, the installers were employees of Third-Party Defendants evidenced in many ways, including but not limited to:

   a. Third-Party Defendants were solely responsible to set installer work schedules;

   b. Third-Party Defendants had sole control of the means, methods, and timing of performing each installation project, including the selection of persons to perform the work involved on each work order or construction print;

   c. Third-Party Defendants selected the jobs they wanted to install;

   d. Third-Party Defendants were solely responsible for providing all tools necessary to perform; and

   e. Third-Party Defendants furnished any vehicles that were necessary to perform each work order.

50. In its Complaint, Plaintiff has charged RAB with wrongful acts committed by Third-Party Defendants.

51. If this Court or jury finds that RAB and Third-Party Defendants are joint employers and therefore jointly and severally liable for any damages alleged by Plaintiff, then RAB is entitled to contribution from Third-Party Defendants for their proportionate share of the common liability under Ohio Revised Code §2307.22.

15

## COUNT VI – UNJUST ENRICHMENT

52. RAB incorporates paragraphs 1 through 51 as if fully re-written herein.

53. When Third-Party Defendants submitted their weekly invoices for payment, Third-Party Defendants were representing that the work was performed by Fast Pace installer-employees and that Third-Party Defendants were seeking payment for the work performed by their installer-employees.

54. RAB paid Fast Pace for each weekly invoice, which constituted a benefit conferred on Third-Party Defendants. Third-Party Defendants cashed each check from RAB and therefore had knowledge of the benefit conferred by RAB.

55. If the Court holds that Plaintiff's allegations are well-founded, which RAB denies, then Third-Party Defendants kept the funds received from RAB while not paying their installer-employees according to law.

56. It would be unjust to allow Third-Party Defendants to keep the monies paid by RAB without payment to the installer-employees, while RAB is then forced to make additional payments on work orders that were previously paid in full.

## COUNT VII – DECLARATORY JUDGMENT

57. RAB incorporates paragraphs 1 through 56 as if fully re-written herein.

58. Under Section I of the Agreement, Third-Party Defendants "shall indemnify, defend and hold harmless" RAB for Third-Party Defendants' failure to pay employees according to law.

59. On January 7, 2019, Third-Party Defendants, through their attorney, refused to accept RAB's defense in this action or indemnify and hold RAB harmless. Third-Party Defendants denied having an obligation under the Agreement to defend, indemnify, and hold RAB harmless.

16

60. Consequently, an actual controversy has arisen and now exists between the parties relating to whether Third-Party Defendants must provide a defense for RAB to the allegations in Plaintiff's Complaint and/or indemnify and hold RAB harmless from any costs, attorney fees, judgment, or settlement arising out of Plaintiff's Complaint.

61. This controversy arises out of and is dependent on Plaintiff's original claims in the Complaint.

62. RAB now desires a declaration of its rights.

63. Wherefore, RAB prays for a declaratory judgment against Third-Party Defendants individually and collectively:

> a. That the Court declare the respective rights and duties of RAB, Fast Pace, and Mr. John as to whether Third-Party Defendants must provide a defense for RAB to the allegations in Plaintiff's Complaint, while also indemnifying RAB and holding RAB harmless from any attorney fees, costs, settlements, judgments, and/or liability resulting from Plaintiff's Complaint.
>
> b. That RAB be awarded its costs, expenses, and attorney fees incurred herein pursuant to Section XVII of the Agreement, which states:
>
> Attorneys' Fees. Should either party hereto…resort to legal proceedings in connection with this Agreement or SUBCONTRACTOR'S relationship with THE COMPANY, the party or parties prevailing in such legal proceedings shall be entitled, in addition to such other relief as may be granted, to recover its or their reasonable attorneys' fees and costs in such legal proceedings from the non-prevailing party or parties.
>
> c. For such other and further relief as the Court deems just and proper.

WHEREFORE, Defendant/Third-Party Plaintiff RAB Communications, Inc. respectfully demands judgment in its favor against Third-Party Defendants Fast Pace Connections, LLC and

17

Cory L. John, along with all costs and attorney fees for defending this action, prosecuting its rights under the Agreement, and such other relief as the Court deems just and proper.

/s/ Cara L. Staley
John Gerak (0075431)
Cara L. Staley (0078002)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)

john.gerak@ogletree.com
cara.staley@ogletree.com

*Attorneys for Defendant RAB Communications, Inc.*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

/s/ Cara L. Staley
*One of the Attorneys for Defendant RAB Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff by operation of the Court's electronic filing system and consistent with the summons filed contemporaneously. Parties may access this filing through the Court's system.

*/s/ Cara L. Staley*
*One of the Attorneys for Defendant RAB Communications, Inc.*

36953892.6