UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | CASE NO. 2:18-CV-01513 |
| | ) | JUDGE ALGENON L. MARBLEY |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| v. | ) ) | |
| RAB COMMUNICATIONS, INC., | ) ) ) | **DEFENDANT RAB COMMUNICATIONS, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S** |
| Defendant/Third-Party Plaintiff, | ) ) | **MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO SEVER AND/OR** |
| V. | ) ) | **TRY SEPARATELY THIRD-PARTY COMPLAINT** |
| FAST PACE CONNECTIONS, LLC, *et al.*, | ) ) | |
| Third-Party Defendants. | ) | |

Although this litigation is still in its infancy, Plaintiff asks this Court to assume that it has met its burden of proof against Defendant R.A.B. Communications, Inc. ("RAB") and to strike RAB's equitable claims against Third-Party Defendants Fast Pace Connections, LLC ("Fast Pace") and its member, Cory John. Plaintiff can point to no legal authority that would allow it to skip over its burden of establishing: 1) who employed the installers at issue; 2) assuming Fast Pace employed the installers (as alleged in RAB's Answer and in its Third-Party Complaint), whether Fast Pace and RAB were joint employers; and 3) whether the installers were paid for all hours worked, including overtime as applicable. Moreover, Plaintiff conveniently ignores that Plaintiff's claims against RAB arise out the same transaction and occurrences that give rise to RAB's contract and equitable claims against Fast Pace, along with the same transaction and occurrences that give rise to Fast Pace/Mr. John's Counterclaim against RAB. Severing or separating RAB's claims would waste this Court's time and judicial resources while forcing the parties to duplicate discovery, depositions, subpoenas, and trial time. Both because Plaintiff's motion to strike is premature, and

1

its motion to sever and/or try the Third-Party Complaint separately does not preserve judicial economy or comport with Fed.R.Civ.P. 20, RAB respectfully requests this Court deny Plaintiff's motion.

**I.     FACTS**

RAB contracts with cable television, telephone, and internet providers to facilitate installation services. RAB then contracts with independent, local companies, who employ installers to provide the installation services to end users in their area. (Doc. 3 at ¶10). On June 1, 2014, RAB entered into a contract with Time Warner Cable Midwest LLC d/b/a Time Warner Cable ("Time Warner Cable"), a national cable television, internet, and telephone provider. (Doc. 3 at ¶11). In order to fulfill Time Warner Cable's contract demands in the Worthington, Ohio area, RAB advertised for subcontractor companies who employed installers able to meet Time Warner Cable's specifications. (Doc. 3 at ¶12).

Fast Pace and Mr. John responded to the advertisement and represented that they employed competent, reliable installers who could perform cable installation according to Time Warner Cable's requirements. (Doc. 3 at ¶13). Fast Pace and Mr. John also represented that they would abide by all state and federal laws. (Doc. 3 at ¶13). Relying on these representations, on January 28, 2015, RAB entered into a contractual agreement (the "Agreement") with Fast Pace and Mr. John. (Doc. 3 at 14, Ex. 1). In the Agreement, Defendants acknowledged and agreed:

> SECTION I: RELATIONSHIP OF THE PARTIES
>
> It is understood that **this contract does not create an employer-employee relationship** between THE COMPANY [RAB] and SUBCONTRACTOR [Fast Pace]. SUBCONTRACTOR is an independent contractor and shall be independently responsible for payment of employee benefits, all federal, state and local taxes including income and withholding for its employees, workers compensation, all liability insurance, state disability insurance, Social Security, unemployment compensation, sales, property and gross receipts taxes and all other taxes and levies imposed upon employers or self-employed

persons for the work performed and **shall indemnify, defend, and hold harmless THE COMPANY and Client with respect to same.**

(Doc. 3 at Ex. 1) (Emphasis added).

Pursuant to the Agreement, RAB required Fast Pace to obtain liability insurance and to show proof of coverage. (Doc. 3 at 17). Furthermore, under the terms of the Agreement:

1) Fast Pace and Mr. John had "sole control of the means, methods, and timing of performing each installation project, including the selection of persons to perform the work involved on each work order or construction print…THE COMPANY is concerned only with the final results contracted for." (Doc. 3 at Ex. 1, Section M(a));

2) Fast Pace and Mr. John selected the jobs they wanted to install (Doc. 3 at Ex. 1, Section M(c));

3) Fast Pace and Mr. John were "solely responsible for providing all tools necessary to perform THE WORK." (Doc. 3 at Ex. 1, Section VI(C)(b)); and

4) Fast Pace and Mr. John were obligated to "furnish any vehicles that are necessary to perform THE WORK described in this agreement." (Doc. 3 at Ex. 1, Section IV(D)).

Fast Pace and Mr. John managed their work flow, employee expectations and performance, hiring, firing, and employee evaluations. (Doc. 3 at ¶20). Under the terms of the Agreement, RAB paid Fast Pace a specific amount for each type of work performed as detailed in the Subcontractor Payment Schedule, attached to the Agreement. (Doc. 3 at Ex. 1, Section X(A).) Each week, RAB issued a single payment check in the name of Fast Pace for the work performed by Fast Pace installers. (Doc. 3 at ¶20).

On December 30, 2016, Mr. John submitted a letter to RAB giving "formal notice of separation from my position of Sub-Contractor with Rabcom [sic] Communications, effective February 1, 2017." (Doc. 3 at Ex. 2). Mr. John continued: "I am grateful for the opportunity that you have given me to grow and become a successful business owner over the last two years. Although this was not an easy decision to make, I feel it is in the best interest of both of our companies." (Doc. 3 at Ex. 2). Mr. John, individually and as a member of Fast Pace, acknowledged that Fast Pace is a separate business, growing independently from RAB.

Thereafter, Plaintiff investigated RAB's compliance with the FLSA relative to its employees in the Worthington, Ohio area, and Plaintiff specifically found that RAB properly paid its employees. Plaintiff also investigated whether installers employed by Fast Pace and Mr. John were paid for all hours worked in Worthington, including overtime, and determined that Fast Pace installers were not paid minimum wage and/or overtime As a result, Plaintiff filed the underlying Complaint alleging that the installers who worked for Fast Pace and Mr. John were not paid according to the FLSA. Plaintiff named RAB as the only defendant, claiming RAB was the de facto employer under the FLSA and liable for any money owed to the installers. (Doc. 1).

Pursuant to the Agreement, RAB submitted the defense and indemnity of Plaintiff's Complaint to Fast Pace and Mr. John. On January 7, 2019, Fast Pace and Mr. John, through their attorney, refused to defend RAB or provide indemnity in the underlying action. (Doc. 3 at Ex. 3).

RAB filed an Answer and a Third-Party Complaint against Fast Pace and Mr. John, individually alleging:

- Count I – Piercing the Corporate Veil
- Count II – Breach of Contract for Failure to Pay Fast Pace Installers (in the event Plaintiff establishes the installers were not paid properly)

- Count III – Breach of Contract for Failure to Accept RAB's Defense and Indemnity of Plaintiff's Complaint

- Count IV – Common Law Indemnity

- Count V – Contribution under Ohio Rev. Code §2307.22

- Count VI – Unjust Enrichment

- Count VII – Declaratory Judgment (seeking declaration that Fast Pace and Mr. John must defend and indemnify RAB in this action pursuant to the terms of the Agreement)

Fast Pace and Mr. John have denied employing the installers and any liability to RAB in their Answer to the Third-Party Complaint and have asserted claims for recovery in a Counterclaim. Doc. 16. Plaintiff filed a motion to strike Counts IV, V, and VI of the Third-Party Complaint, along with Counts I and VII as "moot to the extent they relate to Counts IV, V, and VI." (Doc. 13). In the alternative, Plaintiff asks this Court to sever and/or try the Third-Party Complaint separately. (Doc.13).

## II. LAW AND ARGUMENT

### A. Defendants are permitted to file third-party actions against potential joint employers for breach of contract and other related claims. Plaintiff's motion to strike must be denied.

Plaintiff contends generally that this Court should strike RAB's Third-Party Complaint, arguing that Plaintiff has the exclusive power to enforce the FLSA. (Doc. 13 at 5). In support of its substantive argument, Plaintiff cites a single case from the Southern District of New York in 1975, where the district court refused to allow the defendant employer to seek contribution from a labor union, who was not originally named in the action. (Doc. 13 at 5, *quoting Brennan v. Emerald Renovators, Inc.*, 410 F.Supp. 1057, 1062 (S.D.N.Y. 1975)). *Brennan* is not only non-binding on this Court, but it is not persuasive either since *Brennan* did not involve a joint-employer

5

relationship or a relevant contract between the defendant and a non-party. Rather, Plaintiff ignores case law where courts have allowed a defendant to bring a third-party complaint for breach of contract and related claims where a joint-employment relationship is at issue. *See e.g. Brown v. Club Assist Rd. Serv. U.S., Inc.*, 12-cv-5710, 2015 WL 13650775, at *5 (N.D. Ill. Mar. 13, 2015) (because defendant alleged it was not plaintiffs' employer, court refused to strike third-party complaint on the basis of plaintiffs' disputed contention that defendant was in fact an employer)).[1] RAB is not precluded as a matter of law from asserting a third-party complaint against Fast Pace and Mr. John. Plaintiff's motion must be denied.

> **B. Plaintiff has not met its burden of proving RAB was a joint employer under the FLSA or that the installers were not paid properly under the law. Plaintiff's motion to strike is premature and must be denied.**

Plaintiff seeks recovery against RAB as a direct employer of Fast Pace's installers under the FLSA, and therefore, Plaintiff has the burden of proving that RAB was, in fact, a direct or joint employer and that the installers were not lawfully paid minimum wage and overtime. "The issue of direct or joint employment for the FLSA 'depends upon all the facts in the particular case.'" *Keeton v. Time Warner Cable*, No. 2:09-CV-1085, 2010 WL 2076813, at *2 (S.D. Ohio May 24, 2010) (citing 29 C.F.R § 791.2(a); *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991) (determination of "joint employer [status] is essentially a factual issue."); *see also Heard v. Nielson*, 1:16-CV-1002, 2017 WL 2426683, at *2 (S.D. Ohio June 2, 2017).

At this early stage, the parties have not engaged in the discovery process, and Plaintiff cannot establish that, under the facts of the case, RAB was a direct or joint employer under the FLSA. To the contrary, the facts that are before this Court, namely the Agreement between RAB

---

[1] The district court in *Brown* cited *Costello v. BeavEx Inc.*, 2013 WL 2156052, at *3 (N.D. Ill. May 17, 2013), holding: "[I]t would be premature to grant a Rule 12(b)(6) motion to dismiss an indemnity claim as preempted by the FLSA where the counterclaim asserts the plaintiffs were independent contractors and not the defendant's employees…."

and Fast Pace/Mr. John, demonstrate that RAB did not employ the installers. Whatever restrictions that may or may not exist on claims for contribution, indemnity, and unjust enrichment under the FLSA are secondary to the threshold issues regarding (1) *who employed* the installers as a matter of law, and 2) whether the installers were *properly paid* under the FLSA.  RAB's state-law claim for contribution, along with the claims for indemnity and unjust enrichment, remain viable and relevant as alternative claims to Counts II and III for breach of contract (which Plaintiff has not moved to strike on their merits). Parties are permitted to plead in the alternative; and therefore, Plaintiff has no basis to strike Counts IV, V, VI.

Plaintiff has not met its burden of proving a violation of the FLSA or that RAB was a direct or joint employer liable for any violation committed by *Fast Pace/Mr. John*. The Court is not permitted to assume that Plaintiff will meet its burden and strike claims in anticipation of a single outcome. Plaintiff's motion to strike therefore is premature and must be denied.

> **C. Plaintiff's claims arise out the same transaction and occurrences that give rise to RAB's contract and equitable claims against Fast Pace. Plaintiff's alternative motion to sever the third-party claims or try them separately must be denied.**

Plaintiff alternatively moves this Court for an order severing RAB's Third-Party Complaint and trying the claims separately. However, judicial economy and Fed.R.Civ.P. 20 require continued joinder of claims pursuant to this Court's supplemental jurisdiction.

Courts have looked to Fed.R.Civ.P. 20 when deciding a motion to sever claims in an action for violation of the FLSA. *See e.g. Walls v. Host Intern., Inc.*, 1:15-CV-00564, 2015 WL 4644638, at *2 (N.D. Ohio Aug. 4, 2015). Federal Rule of Civil Procedure 20(a)(1) allows joinder of claims in one action if they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a)(1). "Rule 20 allows for district courts to 'entertain[ ] the broadest possible scope of action consistent with fairness to the parties.'" *Id., quoting United Mine Workers of Am.*

*v. Gibbs,* 383 U.S. 715, 724 (1966). "Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues." *Id., quoting Pasha v. Jones, 82 F.3d 418,* 1996 WL 185786, at *1–2 (6th Cir. Apr.17, 1996) (unpublished table opinion); *see Crutcher v. Kentucky,* 961 F.2d 1576, 1992 WL 98020, at *3 (6th Cir. May 11, 1992) (unpublished table opinion) (citing *Gibbs,* 383 U.S. at 724).

In their Answer and Counterclaim, Fast Pace and Mr. John admit that they signed the Agreement, which facially complies with the FLSA. Doc. 16 at ¶22. Therefore, Plaintiff must establish that RAB had a direct or joint employment relationship with Fast Pace/Mr. John and their installers. Consequently, Fast Pace and Mr. John are necessary and indispensable parties under Fed.R.Civ.P. 19. To establish this joint employment relationship, Plaintiff must look to the Agreement that created the duties that form an "employment" relationship under the FLSA. *See e.g. Dowd v. Directv, LLC,* 14-CV-14018, 2016 WL 28866, at *10 (E.D. Mich. Jan. 4, 2016). Plaintiff must also establish that Fast Pace's installers were not paid lawfully under the FLSA. If Plaintiff chooses not to allege a joint employment relationship, it still has to explain and legally establish why this Court should ignore the Agreement and hold RAB directly liable. To meet this burden of proof, Plaintiff must engage in discovery by requesting documents, issuing subpoenas, and taking depositions of RAB and Fast Pace representatives, Mr. John, and the installers. These are the same facts and discovery that RAB would need to develop in order to establish its affirmative defenses to Plaintiff's claims **as well as** the very same facts and occurrences that form the basis of RAB's claims against Fast Pace and Mr. John.

Continued joinder of claims is proper under Fed.R.Civ.P. 20. Judicial economy also dictates joinder since the discovery for Plaintiff's claims, RAB's third-party claims, and Fast Pace/Mr. John's Counterclaim would be exactly the same. A jury would also have to decide the same issues of fact – i.e., whether the installers were properly paid and the extent of the relationship

between RAB, Fast Pace, and Mr. John, as created by the Agreement and as applied in economic reality. Any concerns Plaintiff has about the jury understanding direct or joint-employment under the FLSA can be allayed through jury instructions. Plaintiff's alternative motion to sever RAB's claims or try them separately must be denied.

### III.   CONCLUSION

Plaintiff has not proven that the installers were unlawfully paid under the FLSA or that RAB was a joint-employer with Fast Pace. This Court cannot assume the burden has been met and strike equitable, alternative claims to RAB's actions for breach of contract. Plaintiff's motion to strike is premature.

Likewise, Plaintiff's motion to sever or try the Third-Party Complaint separately must be denied. Plaintiff's claims all arise out the business relationship between RAB, Fast Pace, and Mr. John, which was created by the Agreement, and any facts demonstrating a violation of the FLSA would also establish Fast Pace's breach of the Agreement with RAB, while resolving Fast Pace/Mr. John's counterclaim.

RAB respectfully requests this Court deny Plaintiff's Motion to Strike or in the alternative, Sever and/or Try RAB's Third-Party Complaint Separately.

/s/ Cara L. Staley
John Gerak (0075431)
Cara L. Staley (0078002)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100
216.357.4733 (FAX)

john.gerak@ogletree.com
cara.staley@ogletree.com

*Attorneys for Defendant RAB Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff by operation of the Court's electronic filing system and consistent with the summons filed contemporaneously. Parties may access this filing through the Court's system.

> */s/ Cara L. Staley*
> *One of the Attorneys for Defendant RAB Communications, Inc.*

37869256.6