IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

R. ALEXANDER ACOSTA, :
: Case No. 2:18-cv-1513
      Plaintiff, :
: CHIEF JUDGE ALGENON L. MARBLEY
      v. :
: Magistrate Judge Jolson
RAB COMMUNICATIONS, INC., :
:
      Defendant, :
:
      v. :
:
FAST PACE CONNECTIONS, LLC, :
AND CORY L. JOHN :
:
      Third-Party Defendants. :

## OPINION & ORDER

This matter comes before the Court on Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Depart of Labor's Motion to Strike or, in the Alternative, to Sever and/or Try Separately RAB Communication Inc.'s Third-Party Complaint ("Motion"). (ECF No. 7). In the Motion, the Secretary asks this Court to strike Defendant's counterclaim (ECF No. 3) against third-party Defendants Cory L. John and Fast Pace Connections, LLC. For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

### I.     BACKGROUND

Defendant and third-party Plaintiff, RAB Communications, (hereinafter "Defendant" or "RAB") is a Maryland company that provides installation services to cable television, telephone, and internet providers. (ECF No. 3 at 8). RAB contracts with local installation companies, like third-party Defendant, Fast Pace Connections LLC ("Fast Pace") to provide installation services to those cable and internet providers. Those third-party companies in turn employ installers to

provide installation services to users of the telephone, television and internet providers. *Id.* at 8-9. RAB entered into a contract with Time Warner Cable Midwest in June of 2014. *Id.* at 9. To comply with this contract, RAB contracted with Fast Pace in January 2015. *Id.* Fast Pace agreed to employ "competent, reliable installers" that would meet Time Warner's specifications and also "abide by all state and federal laws." *Id.* at 9. The agreement between RAB and Fast Pace specifically provided that the contract creates no "employer-employee" relationship between RAB and Fact Pace and that Fast Pace agrees to "indemnify, defend, and hold harmless" RAB. *Id.* at 9-10. In December 2016, Fast Pace's sole member, Cory L. John, submitted a letter to RAB terminating the contract between RAB and Fast Pace. (ECF No. 17 at 4).

According to RAB, Plaintiff began investigating RAB shortly thereafter and determined that RAB properly paid its Worthington, Ohio area employees. (ECF No. 3 at 11). Plaintiff also investigated installers officially employed by Fast Pace and determined that those employees were not paid minimum wage or overtime. *Id.* Plaintiff then filed suit against RAB pursuing injunctive relief and damages, alleging that RAB was the actual employer of those installers, and failed to pay them minimum wage or overtime pursuant to the Fair Labor Standards Act ("FLSA"). *Id.*

After suit was brought, RAB submitted a copy of the complaint to Fast Pace and Mr. John and asked that they indemnify RAB and defend them in the action. (ECF No. 17 at 4). Fast Pace and John refused to do so, arguing that they have no indemnification obligation. (ECF No. 17-3). RAB then filed an answer to Plaintiff's complaint including a third-party complaint against Fast Pace alleging breach of contract for failure to pay installers, breach of contract for failure to defend and indemnify, common law indemnity, statutory contribution under Ohio law, unjust enrichment, and requesting a declaratory judgment that Fast Pace must indemnify RAB. (ECF No. 3 at 12-17).

In response, Fast Pace filed an answer and counterclaim against RAB alleging that RAB never operated according to the terms of the agreement. (ECF No. 20 at 9). According to Fast Pace and Mr. John, RAB hired all the initial installers that worked for Fast Pace and controlled all aspects of the employment relationship including hiring decisions, drug testing, work schedules, assignments, and hours. *Id.* RAB also required Fast Pace and the installers to wear uniforms that only bore the RAB logo, drive trucks purchased from RAB that only bore the RAB logo and use all of RAB's supplies for projects. *Id.* at 9-11. Mr. John claims that the agreement with RAB was a deliberate attempt to cause Mr. John to waive his rights under the FLSA and to avoid liability for violating federal and state employment laws. *Id.* at 12.

Plaintiff filed a motion to strike or sever RAB's third-party claims arguing: (1) that the third-party complaint should be struck as a whole because it encroaches on the Secretary's power to enforce the FLSA; (2) that in the alternative Counts IV, V, and VI should be stricken because employers have no right to contribution, indemnification, or unjust enrichment under the FLSA; and (3) that should Counts IV, V, and VI be stricken but none of the other claims, the remaining third-party claims should be severed and tried separately because the facts and legal issues in the third-party claims are "different from those in the Secretary's case." (ECF No. 13 at 3-4, 6). RAB argues that the Secretary's motion is premature because this Court has not yet determined that Fast Pace is an employer or is liable. (ECF No. 17 at 5-6).

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 14(a)(4) provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14. The Court has the discretion to decide "whether to permit impleader of third parties." *Fed. Home Loan Mortg. Corp. v. Kantz*,

3

No. 3:15-CV-00932, 2018 WL 1535465, at *3 (M.D. Tenn. Mar. 29, 2018), *report and recommendation adopted*, No. 3:15-CV-00932, 2018 WL 1881254 (M.D. Tenn. Apr. 19, 2018).

As the Sixth Circuit has observed, the purpose of Rule 14 "is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). Third-party claims are appropriate "where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *Id.*

### III.   LAW AND ANALYSIS

The Secretary argues that: (1) Defendant's counterclaims should be stricken as a whole because it encroaches on Secretary's power to enforce the FLSA; (2) there is no express or implied right to indemnity, contribution, or unjust enrichment in the FLSA; and (3) should the Court only strike some but not all of the claims, the Court should choose not to exercise its supplemental jurisdiction over any remaining claims as doing so would confuse the issues for a jury and make it more difficult for the Secretary to enforce the FLSA.

#### A. Permissibility of Defendant's Counterclaims in Suit Brought by Secretary of Labor

Plaintiff's first argument is that Defendant's counterclaim should be stricken in its entirety because it intrudes on the Secretary's power to enforce the FLSA. (ECF No. 19 at 3). According to Plaintiff, because the Secretary has brought an action pursuant to Section 17 of the FLSA, Defendant is not permitted to bring a claim against Fast Pace because it would "encroach" on the power to enforce the FLSA delegated to the Secretary by Congress. *Id.*

It is true that once the Secretary initiates an action under Section 17 of the FLSA, no others, including an affected employee, can bring a claim pursuant to the FLSA against a particular defendant. *See Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002) ("[t]hose for whom the Secretary of Labor files an action are limited to that exclusive remedy"). Plaintiff interprets this section of the FLSA as preventing a defendant from bringing counterclaims against any others and for support cites to *Brennan v. Emerald Renovators, Inc.*, 410 F. Supp. 1057, 1058 (S.D.N.Y. 1975) (determining that FLSA prevents a defendant sued by the Secretary of Labor from impleading a third-party union who coerced them in a negotiation to violate the terms of the FLSA). However, such an interpretation of Section 216 is untenable given the express terms of the statute. Section 216(b) of the FLSA provides:

> The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

29 U.S.C. § 216.

The terms of Section 216 do not prevent a plaintiff from bringing suit against individuals who were not sued by the Secretary but did contribute to the plaintiff's deprivation of wages. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1466 (C.D. Cal. 1996). In *Bureerong*, the Secretary of Labor, acting on behalf of a group of immigrant garment workers, brought suit against a group of defendants known as "operators." The operators ran a facility where the immigrant garment workers produced garments at wages below minimum wage. *Id.* at 1458-61. The operators contracted with manufacturers to produce these garments. After the Secretary initiated suit against the operators, the immigrant garment workers decided to sue the manufacturers. The district court

determined that the Secretary of Labor's complaint against the operator defendants did not preclude the immigrant workers' action against the manufacturer defendants. The manufacturer defendants moved to dismiss the immigrant workers' claims arguing that since plaintiffs are alleging that both the manufacturer and operator plaintiffs were joint employers, the Secretary's decision to sue only the operators and not the manufacturers was a "strategic choice" and the immigrant workers should not be permitted to interfere with that choice. *Id.* at 1465. The district court rejected this argument and determined that the termination of an employee's right to sue once the Secretary had initiated an action was "employer specific" noting that the "ambiguous language of §§ 216(b) and (c) does not require such a result, which arguably contravenes the intent of Congress." *Id.* at 1466.

Thus, the Secretary's argument that his having taken action forecloses all other possible complaints or counterclaims is without merit. The act does foreclose the possibility of complaints brought by the employees listed in the Secretary's complaint against RAB, but it does not foreclose any claims that those employees or RAB has against Fast Pace. Here, RAB denies that it is the employer of the workers mentioned in the complaint and seeks to implead who it believes is the actual employer. Nothing in the plain terms of the statute prohibits this.

**B. No Right to Indemnity or Contribution Under the FLSA**

The Secretary argues that this Court should strike Defendant's claim for indemnity and contribution since the FLSA contains no express or implied right of indemnity or contribution. (ECF No. 13 at 3-4). While the Sixth Circuit has not addressed this issue, district courts in this Circuit and appellate courts of other Circuits have consistently determined that an employer cannot bring an action for indemnity or contribution to avoid or share liability under the FLSA. *See Neilwoldman v. AmeriColor, LLC*, No. 3:18-CV-00151, 2018 WL 4384996, at *3 (M.D. Tenn.

Sept. 13, 2018) ("[a]lthough the Sixth Circuit has not addressed the issue of contribution and indemnification in FLSA cases, courts have routinely dismissed these claims"); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 143 (2d Cir. 1999) ("[t]here is no right of contribution or indemnification for employers found liable under the FLSA"); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992) (noting that the FLSA creates no cause of action for indemnity); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) ("Food Lion sought to indemnify itself against Tew for its own violation of the FLSA, which the district court found, and we agree, is something the FLSA simply will not allow"); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (same); *Equal Employment Opportunity Comm'n v. Ferris State Coll.*, 493 F. Supp. 707, 718 (W.D. Mich. 1980). These cases expanded upon the Supreme Court's decision in *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO* which analyzed whether the Equal Pay Act and Title VII permit defendants to bring claims for contribution and determined that "it would be improper for [the Court] to add a right to contribution to the statutory rights that Congress created." 451 U.S. 77, 78 (1981).

Defendant counters that since there has not yet been a determination that it is an employer, Plaintiff's motion to strike based on this line of reasoning is premature. (ECF No. 17 at 6-7). Defendant relies on *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12-CV-5710, 2015 WL 13650775, at *1 (N.D. Ill. Mar. 13, 2015), where the district court denied a plaintiff's motion to strike a third-party complaint brought against independent contractors that defendants alleged were the actual employers of plaintiffs. The *Brown* court reasoned that since the defendant disputed that it employed the plaintiffs, it would be premature to strike those claims since "there is no general prohibition against a defendant seeking indemnity for its liability from an independent contractor."

*Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12-CV-5710, 2015 WL 13650775, at *5 (N.D. Ill. Mar. 13, 2015)

It is true that this Court has not yet determined that Defendant was the employer of the workers listed in the exhibit to Plaintiff's complaint. Even so, RAB's contribution and indemnity claims are premised on Defendant being found liable. As courts interpreting Ohio law on indemnification have noted, "'[a]bsent fault, there is no basis for indemnification, since 'one party must be chargeable for the wrongful act of another as a prerequisite for indemnity.'" *Rannals v. Diamond Jo Casino*, 250 F. Supp. 2d 829, 837–38 (N.D. Ohio 2003) (citing *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.,* 70 Ohio App.3d 243, 590 N.E.2d 898, 900 (1990)). Similarly, statutory contribution under Ohio law also requires a finding of liability. Ohio Rev. C. § 2307.22.

Since both the contribution and indemnity claims require that Defendant be found liable first, there is no logical way for Defendant to pursue such claims under the FLSA. If Defendant is found to be a liable employer, then its claims for indemnity and contribution are forbidden by the FLSA. But if it is not found to be a liable employer, then it cannot state a claim for indemnity or contribution since those claims require a finding of liability as a preliminary matter. Accordingly, this Court **STRIKES** Defendant's claims for contribution and indemnity.

Plaintiff also asks this Court to strike Defendant's unjust enrichment claim as there is no express or implied right to unjust enrichment in the FLSA. This Court has previously determined that breach of contract and unjust enrichment counterclaims are impermissible where they seek to circumvent the requirements of the FLSA. *See De Angelis v. Natl. Ent. Group, LLC*, 2:17-CV-924, 2018 WL 4334553, at *5 (S.D. Ohio Sept. 11, 2018). In *De Angelis*, plaintiff, an exotic dancer, alleged she was misclassified as an independent contractor when she was actually an employee and brought claims against defendant, the Club, pursuant to the FLSA. The Club brought two

counterclaims for breach of contract and unjust enrichment arguing that if plaintiff succeeds in her FLSA claims, then she breached her agreement to perform as an independent contractor and would be unjustly enriched if permitted to keep revenue already earned. *Id.* *4. This Court determined that permitting the recovery of fees under either claim would be "antithetical to the long-standing principles of the FLSA and its state law counterpart, as the protection afforded by the contract fall short of that provided by those wage laws." *Id.* This Court found it particularly relevant that both counterclaims were contingent on the plaintiff's success in the underlying FLSA lawsuit and the Court's having determined as a preliminary matter that plaintiff was an employee. *Id.* *5.

Here, RAB's third-party breach of contract claim is conditioned only on the workers' not having been paid according to law, and not on the underlying dispute regarding who employed the workers. (ECF No. 3 at 13-14) ("If, as Plaintiff alleges, the installer-employees were not paid according to law. . ."). The unjust enrichment claims, however, are contingent on the Secretary's success in the underlying lawsuit. (ECF No. 3 at 16) ("If the Court holds that Plaintiff's allegations are well-founded . . ."). The breach of contract claims may proceed if RAB is not determined to be the employer of the installers. Should this Court determine that the Secretary's claims are well-founded and that RAB employed the installers, it would "circumvent the "comprehensive and uniform wage schemes that are intended to protect all individuals performing covered work, and would undermine the deterrent role of the FLSA and its state counterpart" to allow RAB to pursue these claims against Fast Pace. *Id.* *4. Thus, RAB's unjust enrichment claims are **STRICKEN**. Defendant may pursue its breach of contract claims only if this Court determines that it was not the employer of the installers.

## C. Supplemental Jurisdiction for Remaining Claims

Plaintiff asks this Court to sever and try separately the remainder of Defendants' third-party claims against Fast Pace, arguing that the breach of contract claims are "separate and distinct" from the FLSA claims and trying both sets of claims together would "muddy the waters of the Secretary's case, confusing the issues for a jury." (ECF No. 13 at 8-9).

A court may exercise its supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under." 28 U.S.C. § 1367(a). While the decision to exercise supplemental jurisdiction is discretionary, courts may decline to hear a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Sixth Circuit has consistently stated that supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *James v. Hampton*, 592 F. App'x 449, 462 (6th Cir. 2015) (*citing Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir.2003)). A district court should balance the "interests of judicial economy and the avoidance of multiplicity of litigation against needlessly deciding state law issues." *Id.* at 462-63 (internal quotation marks omitted).

None of the four factors listed in 28 U.S.C. § 1367(c) applies to this case. Further, the interests of judicial economy and fairness support the exercise of supplemental jurisdiction over Defendant's remaining breach of contract and unjust enrichment claims. *See Wagoner v. N.Y.N.Y., Inc.*, No. 1:14-CV-480, 2015 WL 1468526, at *6 (S.D. Ohio Mar. 30, 2015) (exercising

supplemental jurisdiction over FLSA defendant's breach of contract and unjust enrichment counterclaims against Plaintiff because doing so would facilitate judicial economy and fairness). The breach of contract claim arises out of the same controversy as the FLSA wage claims since the Defendant's claim is that if the workers were not paid, it is because Fast Pace did not pay them according to the contract between RAB and Fast Pace. It is more efficient to centralize all claims and dispose of all issues with one trial since the success of Defendant's claims will depend on if it is found to be the actual employer of the workers listed in Plaintiff's complaint. Should the Secretary succeed in proving his claims against RAB, then the counterclaims that RAB has asserted against Fast Pace can be easily adjudicated.

For these reasons, this Court **DENIES** Plaintiff's motion to strike or sever the remainder of Defendant's claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike is **GRANTED** as to the indemnity claim (Count IV), the contribution claim (Count V), and the unjust enrichment claim (Count VI). The Motion to Strike is **DENIED** as to the remaining claims (Counts I-III, VII).

**IT IS SO ORDERED.**

                                            s/Algenon L. Marbley_____

                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 27, 2019**