IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, | : |
| | : Case No. 2:18-cv-1513 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| RAB COMMUNICATIONS, INC., | : |
| | : |
| Defendant, | : |
| | : |
| v. | : |
| | : |
| FAST PACE CONNECTIONS, LLC, | : |
| AND CORY L. JOHN | : |
| | : |
| Third-Party Defendants. | : |

## OPINION & ORDER

This matter comes before this Court on the Secretary of Labor's Motion for Sanctions striking Defendant RAB Communications, Inc.'s Answer and Third-Party Complaint and requesting Entry of Default against RAB Communications, Inc. (ECF No. 41). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

On November 23, 2018, the Secretary of Labor brought this action against Defendant RAB Communications, Inc. ("RAB") (ECF No. 1). On February 1, 2019, RAB filed its Answer and a Third-Party Complaint directed at Fast Pace Connections, LLC and Cory L. John. (ECF No. 3). Litigation progressed until August 14, 2019, when RAB's counsel filed a Motion to Withdraw as Counsel stating RAB was on the verge of bankruptcy. (ECF No. 29 at 1). Magistrate Judge Jolson granted the Motion to Withdraw as Counsel on August 15, 2019, and directed RAB to obtain new counsel within 30 days. (ECF No. 30). The Magistrate Judge's

Order specifically noted that corporations can only appear in federal courts through licensed counsel. (*Id.* at 1).

Five months later, on January 17, 2020, Plaintiff filed a Motion for Sanctions and Entry of Default because RAB had not obtained new counsel. (ECF No. 33). On February 11, 2020, Magistrate Judge Jolson ordered RAB to show cause within fourteen days stating why the Answer and Third-Party Complaint should not be stricken and Default entered. (ECF No. 35). RAB never responded to that Order. On April 6, 2020, Magistrate Judge Jolson directed Plaintiff to file a new Motion for Default. (ECF No. 38). Plaintiff then filed this Motion for Sanctions and Entry of Default. (ECF No. 41).

## II. LAW & ANALYSIS

This Court finds that Defendant's repeated willful violation of this Court's Orders warrants the sanction of striking RAB's Answer and Third-Party Complaint and entering a Default.

Federal Rule of Civil Procedure 16(f) provides that a court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Federal Rule of Civil Procedure 37(b)(2)(A) identifies "striking pleadings in whole or in part" and entry of a "default judgment against the disobedient party" as permissible sanctions. Fed. R. Civ. P. 37(b)(2)(A)(iii)-(vi); *see also In re Leonard*, 644 Fed. Appx. 612, 618 (6th Cir. 2016) (affirming the trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); *Dell, Inc. v. Advicon Computer Servs., Inc.*, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court

2

orders in general . . . when the circumstances warrant as much."), *aff'd*, 2008 WL 4613978 (6th Cir. June 10, 2008). Moreover, this Court the inherent power to "protect[ ] the due and orderly administration of justice and . . . maintain[ ] the authority and dignity of the court . . . ." *Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925) (alternations in the original)).

While this Court has the power to strike pleadings and enter a default, the United States Court of Appeals for the Sixth Circuit has outlined four factors to consider in deciding whether to use that power:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted)).

In light of those factors, striking RAB's pleadings and entering a default is necessary. RAB has failed to participate in this litigation. It is well established that a corporation can appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). The Magistrate Judge made this requirement clear in her Order granting the Motion to Withdraw as Counsel. (ECF No. 30). RAB did not comply with that requirement. The Magistrate Judge then gave RAB the opportunity to show cause for why its Answer and Third-Party Complaint should not be stricken and Default entered but RAB remained silent. (ECF No. 35 at 2). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th

3

Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether the sanction of dismissal is appropriate).

RAB's refusal to comply with this Court's Orders constitutes bad faith. *See Steward v. Cty. of Jackson, Tenn.*, 8 Fed. Appx. 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Further, the other parties to this case have been forced to stop litigating their claims while waiting for RAB to return to this action. In considering the *Universal Health Grp.* factors it is clear that entering a default is proper in this case.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Sanctions striking Defendant RAB Communications, Inc.'s Answer and Third-Party Complaint and requesting Entry of Default is **GRANTED**. (*See* ECF No. 41). The Clerk is **DIRECTED** to enter Default against Defendant RAB Communications, Inc. This case is **DISMISSED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:** November 3, 2020