IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN WALSH, Secretary of Labor, U.S. Department of Labor  :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>RAB COMMUNICATIONS, INC., :<br>:<br>Defendant. : | Case No. 18-cv-1513<br><br>CHIEF JUDGE ALGENON L. MARBLEY<br><br>Magistrate Judge Kimberly Jolson |

**ORDER**

This matter comes before the Court on Plaintiff Martin J. Walsh's, Secretary of Labor, United States Department of Labor, Motion for Default Judgment against Defendant RAB Communications, Inc. (ECF No. 46). For the reasons set forth below, this Court **GRANTS** Plaintiff's motion. Plaintiff is entitled to default judgment against Defendant RAB. They have applied for an entry of default. (ECF No. 33). The Clerk of Court has entered default pursuant to Rule 55(a), noting that RAB has failed to plead or otherwise defend. (*Id.*).

Accordingly, Plaintiff is entitled to default judgment against RAB. It is **FURTHER ORDERED, ADJUDGED, and DECREED** that Defendant is liable for the payment of back wage compensation under Section 16(c) of the Act in the amount of $302,452.15, plus $302,452.15 in liquidated damages, plus interest to the individuals listed in Ex. 1, (ECF No. 46), and are directed to make payment of those back wages and liquidated damages as hereafter specified:

a. The provisions of this Judgment relative to back wage payments shall be deemed satisfied when Defendant delivers to Plaintiff's representatives a total of $604,904.30, plus interest, as detailed in Ex. 1, (ECF No. 46), within thirty (30) days of entry of this Order. For payments related to the back wages and liquidated damages, Defendant will pay online by ACH

1

transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77692637 or by going to www.pay.gov and searching "WHD Back Wage Payment – Midwest Region." Defendant also has the option to provide a certified check, bank check, or money order made payable to "Wage and Hour Division-Labor," and mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> 200 N. High St., Room 646
> Columbus, OH 43215-2408

The check or money order shall bear the following reference: Case ID# 1811489;

    b. Plaintiff shall distribute the proceeds of the check, less any appropriate deductions for social security, federal income tax, and state income tax, to the employees or former employees listed in Ex. 1, (ECF No. 46), or to their estates, if necessary (Defendant shall be responsible for the employer's share of FICA, Medicare and other applicable taxes and any other necessary payments to the appropriate federal and state revenue authorities). Any sums not distributed to the employees or former employees on Ex. 1, (ECF No. 46), or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c);

    c. Neither Defendant nor anyone acting on its behalf or within its control shall directly or indirectly solicit or accept the return or refusal of any sums under this Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendant shall have no further obligations with respect to such returned monies; and

    d. The provisions of this Judgment shall not in any way affect any legal right of any individual not named on Ex. 1, (ECF No. 46), nor shall the provisions in any way affect any legal right of any individual named on Ex. 1, (ECF No. 46), to file any action against Defendant for any violations alleged to have occurred outside the relevant period.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that back wage compensation is due to certain employees for the period from January 11, 2015 through January 7, 2017 in the amounts shown in Ex. 1 (ECF No. 46).

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** by the Court that Defendant, its agents, servants, employees, and all persons acting or claiming to act in its behalf and interest shall be, and hereby are, permanently enjoined and restrained from withholding the payment of back wages to the individuals listed in Ex. 1. (ECF No. 46).

**It is FURTHER ORDERED, ADJUDGED, AND DECREED** that if Defendant fails to make the payments as set forth above, upon notice to Defendant, the Court shall appoint a Receiver to effectuate all of the terms of this Default Judgment. In the event a Receiver is appointed:

a. Defendant shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment;

b. All the expenses of the accountant or Receiver shall be borne solely by Defendant;

c. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and

d. The Receiver shall have full authority to: collect Defendant's assets and report his/her findings to the Court and the parties; to redeem and/or liquidate Defendant's assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendant's assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, its agents, servants, employees, and all persons acting or claiming to act in its behalf and interest shall be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act in the following manner:

a. Defendant shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay to any of its employees who in any workweek are engaged in commerce of in the production of goods for commerce, or are employed in an enterprise engaged in commerce, or in the production of goods for commerce, as defined by the Act, wages of less than the applicable federal minimum wage;

b. Defendant shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than those prescribed by Section 7 of the Act, unless the employees receive compensation for their employment in excess of the maximum hours prescribed by the aforesaid sections at rates not less than one and one-half times the regular rates at which they are employed; and

c. Defendant shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment they maintain.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 27, 2021**